SARAH S. VANCE, Chair
Before the Panel:* Plaintiffs in seventeen actions before the Panel move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California or, alternatively, the District of Massachusetts. This litigation consists of 21 actions pending in thirteen districts, as listed on Schedule A.[1]
Plaintiffs in one action and one potentially-related action support centralization in the Northern District of California or, alternatively, the Southern District of Illinois. Plaintiffs in one potentially-related action support centralization in the District of Massachusetts and do not oppose centralization in the Northern District of California. Plaintiffs in one District of Arizona and one Northern District of California potentially-related action support centralization in the Southern District of Illinois or, alternatively, the District of Arizona.
Responding defendants uniformly oppose centralization. The Guerbet defendants[2] and Bracco Diagnostics Inc. alternatively request the Panel stay its decision *1382 until general causation discovery is completed in the District of Arizona actions. These defendants alternatively suggest or do not oppose centralization in the District of Arizona. The Bayer defendants,[3] McKesson defendants,[4] Mallinckrodt defendants,[5] and GE defendants[6] alternatively suggest centralization in the District of Arizona, the Southern District of New York, and/or the District of Delaware.
On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Certainly, most of these actions,[7] which are all personal injury cases, involve some common factual issues concerning the manufacture, regulatory approval, labeling, and marketing of gadolinium-based contrast agents (GBCAs), and the propensity of GBCAs to cause the retention of gadolinium in the bodies of patients with normal kidney function. We find movants have failed to demonstrate that any common questions of fact and law are sufficiently complex or numerous to justify centralization. In particular, the injuries alleged in each case appear to be highly plaintiff-specific, and the actions involve GBCAs manufactured by one or more of four different defendant groups, involving different formulations.
Furthermore, plaintiffs in most actions are represented by a single law firm or firms that are working as co-counsel with that firm in other related actions. We have held that "centralization under Section 1407 should be the last solution after considered review of all other options." In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig. , 804 F.Supp.2d 1376, 1378 (J.P.M.L. 2011). Given the significant overlap in plaintiffs' counsel, alternatives to transfer exist that may minimize whatever possibilities there might of duplicative discovery and/or inconsistent pretrial rulings. See, e.g., In re: Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig. , 446 F.Supp. 242, 244 (J.P.M.L. 1978). Moreover, the District of Arizona actions have begun proceedings to address general causation, which may inform the other related actions and promote a resolution of the litigation without resort to Section 1407.
IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.
SCHEDULE A
MDL No. 2868 - IN RE: LINEAR GADOLINIUM-BASED CONTRAST AGENTS PRODUCTS LIABILITY LITIGATION
District of Arizona
DAVIS v. MCKESSON CORPORATION, ET AL., C.A. No. 2:18-01157
MUNNURU v. GUERBET LLC, ET AL., C.A. No. 2:18-01159
FISCHER v. BAYER HEALTHCARE PHARMACEUTICALS INCORPORATED, ET AL., C.A. No. 2:18-01778
*1383 Northern District of California
GEISSE, ET AL. v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 3:17-07026
YOUNG v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 3:18-00811
WINKLER v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 3:18-03077
LEWIS v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 3:18-04146
District of Delaware
JAVENS v. GE HEALTHCARE, INC., ET AL., C.A. No. 1:18-01030
Middle District of Florida
SABOL v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 8:18-00850
Southern District of Florida
ESSERMAN v. BRACCO DIAGNOSTICS, INC., ET AL., C.A. No. 1:18-21396
MONTANI v. BRACCO DIAGNOSTICS, INC., ET AL., C.A. No. 4:18-10054
District of Kansas
GERRITY, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 2:18-02245
District of Massachusetts
GOODELL v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., CA. No. 1:18-10694
VIRUET v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 1:18-11611
Eastern District of New York
MCGRATH v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 1:18-02134
Southern District of New York
ZELAZNY v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 1:18-03246
Northern District of Ohio
COMBS v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 1:18-00802
Southern District of Ohio
WHITE v. GE HEALTHCARE, INC., ET AL., C.A. No. 1:17-00212
MILLER v. GE HEALTHCARE, INC., ET AL., C.A. No. 3:18-00113
District of Oregon
WALTON v. GE HEALTHCARE, INC., ET AL., C.A. No. 2:18-00605
Southern District of Texas
NORRIS, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 4:18-02762

Judge Charles R. Breyer and Judge Ellen Segal Huvelle took no part in the decision of this matter.

The Panel also has been notified of nine potentially-related actions pending in seven districts.

Guerbet LLC and Liebel-Flarsheim Company, LLC.

Bayer Healthcare Pharmaceuticals Inc., Bayer Corp., and Bayer Healthcare LLC.

McKesson Corporation and McKesson Medical-Surgical, Inc.

Mallinckrodt Inc. and Mallinckrodt LLC.

General Electric Company and GE Healthcare Inc.

One action included in the motion for centralization-the Southern District of Ohio White action-unlike the other actions included in the motion, involves a patient who alleges she contracted nephrogenic systemic fibrosis after an injection of a GBCA while she was in renal failure. These facts are clearly outside the scope of the MDL proposed by movants.